# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### Case No. 16-cv-62681-BLOOM/Valle

TANIA P. BERBRIDGE,

      Plaintiff,

v.

SAM'S EAST, INC.,
a/b/a SAM'S CLUB

      Defendant.

_____/

## OMNIBUS ORDER

**THIS CAUSE** is before the Court upon Defendant, Sam's East, Inc.'s ("Defendant") Motion for Entitlement to Attorney's Fees and Costs, ECF No. [89] ("Motion for Entitlement"); Defendant's Bill of Cost, ECF No. [93] ("Bill of Cost"); and Defendant's Motion to Tax Fees and Costs ECF No. [97] ("Motion to Tax"). The Court has carefully reviewed Defendant's Motions, the record, all supporting filings, the parties' briefs, the exhibits attached thereto, and is otherwise fully advised. For the reasons that follow, Defendant's Motion for Entitlement is denied in part and granted in part; Defendant's Bill of Costs is granted in part and denied in part; and Defendant's Motion to Tax is denied as moot.

## I.    BACKGROUND

On October 15, 2016, Tania P. Berbridge ("Plaintiff") filed a negligence claim in the Seventeenth Judicial Circuit Court in Broward County as a result of injuries allegedly sustained in a slip-and-fall incident at a Sam's East, Inc. store on August 8, 2015. ECF No. [1–1] at 1. Defendant then removed the action to this Court. ECF No. [1]. During the course of the proceedings, Defendant filed a Motion for Summary Judgment, which the Court granted, finding

that no genuine issue of material fact existed as to Defendant's alleged constructive notice. ECF No. [87]. Defendant timely filed its Motion for Entitlement, Bill of Costs, and Motion to Tax, seeking an order taxing costs pursuant to 28 U.S.C. § 1920 and awarding attorney's fees pursuant to Florida Statute § 768.79. ECF Nos. [89], [93], and [97]. Additionally, Defendant filed a Notice of Non-Objection to Bill of Costs, wherein Defendant advised the Court of Plaintiff's agreement to certain taxable costs pursuant to 28 U.S.C § 1920 in the amount of $5,175.54. ECF No. [98].

## II.     LEGAL STANDARD

### a.  Taxable Costs

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees–should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Although the Court has broad discretion in determining taxable costs, a court may not award any costs that are not authorized by statute. *See United States EEOC v. W&O, Inc.* 214 F.3d 600, 620 (11th Cir. 2000). In the Motion for Entitlement, Defendant seeks an award of costs pursuant to 28 U.S.C § 1920, which provides that the following costs are taxable:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for the use in the case
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C § 1920.

When determining whether costs are taxable, the burden lies on the losing party to demonstrate that the cost is not taxable, "unless the knowledge regarding the proposed cost is a matter within the exclusive knowledge of the prevailing party." *Vega v. Alvarez*, No. 14-21635-CIV, 2015 WL 11217233, at *1 (S.D. Fla. Sept. 21, 2015). Nonetheless, the prevailing party is still required to submit requests for costs with sufficient particularity so that the Court may determine what costs were incurred and whether the prevailing party is entitled to them. *Ferguson v. N. Broward Hosp. Dist.*, No. 10-61606-CIV, 2011 WL 2583754, at *3 (S.D. Fla. Aug. 15, 2011).

### b. Entitlement to Attorney's Fees

Section 768.79 provides that "if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees. . . . if the judgment is one of no liability." Fla. Stat. § 768.79.   Section 768.79 "applies in federal diversity cases" and "provides for a fee award when a party rejects an offer to settle the specific lawsuit." *Panama City Beach Condos, LP v. Adjusters Int. Co, Inc.*, Case No. 4:08cv369, 2009 WL 5214970, *2 (N.D. Fla. Dec. 28, 2009).   To be awarded attorney's fees, the offer of judgment must also be consistent with the requirements set out in Rule 1.442 of the Florida Rules of Civil Procedure.

Rule 1.442(c)(2), in turn, requires that the Proposal for Settlement "identify the claim or claims the proposal is attempting to resolve" and "state with particularity any relevant conditions." Fla. R. Civ. P. 1.442(c)(2).  This means that "'the settlement proposal [must] be sufficiently clear and definite to allow the offeree to make an informed decision without needing clarification.'"  *Saenz v. Campos*, 967 So. 2d 1114, 1116 (Fla. 4th DCA 2007) (quoting *State Farm Mut. Auto. Ins. Co. v. Nichols*, 932 So. 2d 1067, 1079 (Fla. 2006)).  A proposal for settlement fails to meet the particularity requirement if an ambiguity in the proposal affects the

offeree's decision to accept or reject the offer. *Nichols*, 932 So. 2d at 1079. Because § 768.79 is "contrary to the common law rule that each party bears its own attorney's fees," the statute is strictly construed. *Hernandez v. Target Corp.*, Case No. 2014-21062-CIV, 2016 WL 4006656 *3 (S.D. Fla. Mar. 30, 2016).

## III. DISCUSSION

### a. Taxable costs

It is undisputed that Defendant is the prevailing party for purposes of assessing costs pursuant to 28 U.S.C. § 1920. As the prevailing party, Defendant submitted invoices totaling $9,343.46[1] for costs associated with deposition transcripts, service of subpoenas, filing fees, and copy expenses. *See* ECF No. [93]. Of the requested amount, Plaintiff agrees to the taxability of $5,085.54[2], but argues that the remainder is not taxable under § 1920. Because the parties agree to the taxation of $5,085.54, the Court's analysis will only focus on the disputed amount of the remaining $4,257.92.[3]

### i. Deposition transcripts and appearance fees

Deposition transcripts may be taxable under § 1920, wholly or in part, on a case-by-case basis where deposition transcripts are "necessarily obtained for the use in the case" and not merely for the convenience of counsel. *Rodriguez v. Marble Care Int'l, Inc.*, 862 F. Supp. 2d

---

[1] Defendant's Bill of Costs contains a typographical error as to the total cost for deposition transcripts and reporter fees Defendant seeks to recover. Defendant mistakenly states the total cost is $6,265.75. ECF No. [93]. However, according to the invoices submitted, the total cost for deposition transcripts is $6,526.25. ECF No. [93–4]. Additionally, Defendant's Bill of Costs contains a similar error as to the total cost for copies requested. Defendant states the total cost of copies is $1,242.26, but the invoices submitted reveal a total cost of $1,247.21. ECF No. [93]; ECF No. [93–5] at 1–9, 11–13. Therefore, the invoices reflect total costs in the amount of $9,343.46.

[2] Defendant's Notice of Non-Objection to Bill of Costs mistakenly states the copy cost amount for Central Magnetic Imaging. Although Defendant lists the amount as $77.00, it should be $17.00. *See* ECF Nos. [98], [93-5] at 1. Additionally, the subpoena cost for invoice #ZPS-2017003936 for Coral Springs Medical Center is incorrectly listed as $65.00 rather than $35.00. *See* ECF No. [98], [93-3] at 14. Therefore, the total undisputed amount is $5,085.54.

[3] The parties do not dispute that Defendant is entitled to its $400 filing fee for the removal of this action from state court to this Court. *See* ECF No. [98].

1316, 1320 (S.D. Fla. 2012). Where the defendant can meet its burden, the plaintiff then has the burden of demonstrating that the defendant's cost are not taxable. *See Vega v. Alvarez*, No. 14-21635-CIV, 2015 WL 11217233 at *1 (S.D. Fla. Sept. 21, 2015). In this case, Defendant seeks to recover $6,526.25 for deposition transcripts and reporter fees. ECF No. [93]. Of the requested $6,526.25, Plaintiff agrees to the taxation of $3,018.50. ECF No. [98] at ¶ 5.

Plaintiff, however, challenges the videography charges for the depositions of Tania Berbridge and Shirley Lyn. ECF No. [95]. The Eleventh Circuit has held that costs for videotaping depositions are taxable under § 1920(2). *Morrison v. Reichhold Chems. Inc.*, 97 F.3d 460, 465 (11th Cir. 1996) ("When a party notices a deposition to be recorded by nonstenographic means, or by both stenographic and nonstenographic means, and no objection is raised at that time by the other party to the method of recordation pursuant to Federal Rule of Civil Procedure 26(c), it is appropriate under § 1920 to award the cost of conducting the deposition in the manner noticed."). Therefore, Defendant's costs for the video deposition of Shirley Lyn in the amount of $372.00 and for the video deposition of Tania Berbridge in the amount of $642.50 are taxable.

Next, Defendant seeks to recover $420.00 for the reporter fee of Tania Berbridge. *See* ECF No. [93–4] at 1. "Within this Circuit, there is a split of authority as to whether [reporter fees] are taxable under § 1920." *Feise v. N. Broward Hosp. Dist.*, 14-CV-61556, WL 3315144, *4 (S.D. Fla. Aug. 3, 2017). Some courts within this District hold that only transcripts and not the appearance fees are recoverable, while others hold to the contrary, and find that both are recoverable. *See Rodriguez*, 862 F. Supp. 2d at 1320; *Nelson v. N. Broward Med. Ctr.*, No. 12-61867-CV, 2014 WL 2195157, at *3 (S.D. Fla. May 27, 2014). Section 1920(2) allows taxation of "[f]ees for printed or electronically recorded transcripts necessarily obtained for the use in the case." 28 U.S.C. § 1920. "The word 'fees' includes all costs associated with preparing the

transcript, which would necessarily include the court reporter's appearance fee." *Feise v. N. Broward Hosp. Dist.*, No. 14-CV-61556, 2017 WL 3315144, at *3 (S.D. Fla. Aug. 3, 2017). In order to create a transcript, a court reporter's presence is needed. *Id.* at *5. Therefore, the Court finds that Defendant is entitled to recover $420.00 for the court reporter's appearance fee.

Defendant also seeks to recover the cost for the Plaintiff's deposition transcript in the amount of $1,754.45 as reflected in invoice 120057631. ECF No. [93–4] at 3. Plaintiff has neither objected nor agreed to the taxation of this cost. The Court finds that the cost for Plaintiff's deposition is necessary for the use in the case as she is a party and her deposition was filed in support of Defendant's Motion for Summary Judgment. *See* ECF No. [65-2]. The Eleventh Circuit has specifically held that "a district court may tax costs 'associated with the depositions submitted by the parties in support of their summary judgment motion.'" *EEOC*, 213 F.3d at 621 (quoting *Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471, 1474 (10th Cir. 1997)). Additionally, the Eleventh Circuit has held that the deposition of the losing party is taxable. *Id.* However, the added value of the expedited transcript, the E-CD litigation support package, and the condensed transcripts, totaling $828.60, would be for the convenience of counsel, rather than a necessity to the case, and is not taxable. *See Rodriguez v. Marble Care Int'l, Inc.*, 862 F. Supp. 2d 1316, 1320 (S.D. Fla. 2012). The Court, therefore, reduces the taxable amount to $925.85.

Plaintiff additionally challenges the deposition transcript of Pablo Ramirez in the amount of $318.80. ECF No. [95]. Plaintiff argues that Pablo Ramirez's transcript was unnecessary because he testified that he had no knowledge about the incident and was not employed by the Defendant at the time of the incident. ECF No. [95]. Defendant did not address Plaintiff's objection within its Reply and does not otherwise carry its burden to show that this deposition

was necessarily obtained for use in the case. The Court, therefore, finds that the deposition transcript of Pablo Ramirez was not obtained for the use in the case and is not taxable.

In sum, the Court awards Defendant $2,360.35 in disputed deposition transcript costs in addition to the agreed upon $3,018.50 for a total award of $5,378.85 associated with deposition transcripts.

### ii. Subpoena

Defendant seeks to recover $1,170 in fees for service of subpoenas. ECF No. [93]. Plaintiff only agrees to the taxation of $1,040 for subpoena costs. ECF No. [98] at ¶ 5. In *EEOC*, the Eleventh Circuit held that "private process server fees may be taxed pursuant to § 1920(1)." *See EEOC*, 213 F.3d at 624. However, the costs of a private process server are taxable only to the extent that they do not exceed the current U.S Marshal Service rate of $65 per hour. *Id.*; 28 CFR 0.114(3). In the event that the fees of the private server exceed $65 per hour, the court should reduce the recovery to the amount charged by the Marshal. *See EEOC*, 213 F.3d at 624.

In this case, Defendant seeks to tax the cost for a subpoena to Coventry Health Care of Florida for Plaintiff's records, invoice #ZPS-2017003937, in the amount of $70.00. Plaintiff has not objected or agreed to the cost for this subpoena. The Court will award the cost for the subpoena but will reduce it to reflect the U.S Marshal Service rate of $65.00.

Plaintiff, however, objects to the subpoena charge for records belonging to TLC Dental in the amount of $65.00 and argues that such dental records have no bearing in this case. Defendant does not address Plaintiff's objection in its Reply or otherwise demonstrate why it was necessary to subpoena these records. The Court finds that the subpoena for TLC Dental is not taxable. Therefore, Defendant is awarded $1,105.00 for subpoena costs.

### iii. Copy expenses

As to copy expenses, Defendant seeks to recover $1,247.21 pursuant to § 1920(4). ECF No. [93]. Plaintiff, however, only agrees to the taxation of $627.04. ECF No. [98] at ¶ 5. Copy expenses are recoverable where "the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." *EEOC*, 213 F.3d at 623. Although copies attributed to exhibits, discovery, and for the court's consideration are recoverable, copies for the convenience of counsel are not. *Desisto College v. Town of Howey-in-the-hills*, 718 F. Supp. 906, 914 (M.D. Fla. 1989). The moving party seeking to recover copy costs must provide evidence regarding the intended purpose of the copies. *Monelus v. Tocodrain, Inc.*, 609 F. Supp. 2d 1328, 1335 (S.D. Fla. 2009). General copies that lack a description are not recoverable. *Id.*

Plaintiff objects to the following costs incurred by Defendant, stating that the expenses were obtained for the convenience of counsel and not for use in the case: (1) invoice number 18666 for copies for a motion to compel in the amount of $28.78; (2) invoice number 18754 for copies for medical records for expert review in the amount of $346.04; (3) invoice number 18793 for copies for expert review in the amount of $84.10; (4) invoice number 18853 for copies of an MRI CD for expert review in the amount of $48.15; and (5) invoice number 19105 for copies for a binder for trial preparation in the amount of $113.10. ECF No. [93–5] at 4,6,7,9, and 13. Defendant does not address Plaintiff's objection in its Reply and does not otherwise demonstrate how these copies were for anything other than convenience of counsel or Defendant's expert witness. The Court, therefore, finds that these copy expenses are not taxable. *See Desisto College*, 718 F. Supp. 2d at 914. Although Plaintiff additionally objects to the copy costs of Patty Richter's binder in the amount of $75.76, that invoice is not included in Defendant's Bill of Costs. *See* ECF No. [95]. Therefore, Defendant is entitled to recover $627.04 in copy expenses.

### b. *Entitlement to attorney's fees*

On May 4, 2017, Defendant served an Offer of Judgment/Proposal for Settlement ("Proposal for Settlement") on Plaintiff in the amount of $50,000, which Plaintiff did not accept. ECF No. [38]. Then, on August 21, 2017, the Court granted Defendant's Motion for Summary Judgment and entered final judgment in Defendant's favor. ECF Nos. [87] and [88]. As the prevailing party, Defendant is entitled to reasonable attorney's fees under § 768.79, if Defendant's Proposal for Settlement satisfies the requirements set forth under Florida Rule of Civil Procedure 1.442.

Rule 1.442(c), in turn, requires that a proposal for settlement "state with particularity any relevant conditions." Fla. R. Civ. P. 1.442(c). This requires that the proposal be clear enough to allow an offeree to make a knowledgeable decision. *Hernandez,* 2016 WL 4006656 *4. "If ambiguity within the proposal could reasonably affect the offeree's decision, the proposal will not satisfy the particularity requirement." *Id.* The burden of clarifying a condition within a proposal for settlement lies with the party who made the proposal, and "cannot be placed on the party to whom the proposal is made." *Dryden v. Pedemonti*, 910 So. 2d 854, 855 (Fla. 5th DCA 2005). A condition in a proposal for settlement should not cause "an offeree to give up a claim or right that it could not have otherwise lost in the litigation." *Nichols*, 932 So. 2d at 1079 n.3. For example, a general release attached to a proposal for settlement should not extinguish claims that are extrinsic to the litigation, and the "terms of the proposal should be devoid of ambiguity, patent or latent, and not require any clarification or later judicial interpretation." *Id.* at 855, 856. Once a condition within a proposal for settlement is found to be invalid, the whole offer is deemed to be invalid as well. *Zalis v. M.E.J. Rich Corp.*, 797 So. 2d 1289, 1291 (Fla. 4th DCA 2001).

Here, Plaintiff argues that Defendant is not entitled to reasonable fees under § 768.79 because Defendant's Proposal for Settlement was ambiguous and therefore did not meet the particularity requirement set out in Rule 1.442(c). ECF No. [95]. Plaintiff specifically argues that Defendant's Proposal for Settlement is fatally ambiguous because paragraphs 3(a) and 3(b) contradict one another and the confidentiality provision contained within the "Full and Final Confidential Settlement, Release of all Claims and Indemnity Agreement" ("Release") lacks a monetary value. *Id.* The Court will address each of these arguments in turn.

### i. *Conflicting language in paragraphs 3(a) and 3(b)*

Plaintiff first argues the Proposal for Settlement is unforceable because there is an inherent ambiguity in paragraphs 3(a) and 3(b). As a relevant condition of Defendant's Proposal for Settlement, paragraph 3(a) states that the proposal is to "settle any and all claims Tania P. Berbridge has, had, or may have had against Sam's East, Inc." *See* ECF No. [89–1] ¶ 3(a) (caps omitted). Paragraph 3(b), in contrast, requires that Plaintiff execute a Release that "releases any and all claims Tania P. Berbridge has, had, or may have against Sam's East, Inc." *See* ECF No. [89–1] ¶ 3(b) (caps omitted). Paragraph 3(b) further attaches the Release as a relevant condition. *Id.* The language in Defendant's Release states that the "Claimant . . . releases, acquits and forever discharges Wal-Mart . . . of and from any and all liability, rights, claims . . . arising out of or related to the Incident . . ." *See* ECF No. [89–2]. Unlike paragraph 3(a), Defendant's Release limits Plaintiff's claims to those arising out of or relating to the Incident, which is defined as: the "injury and sustained damages caused or contributed to by Wal-Mart arising from Claim #7561960 at Sam's East, Inc. d/b/a Sam's Club, on 8/10/2015." ECF No. [89–2] at 1. Plaintiff argues that the Proposal for Settlement is ambiguous because paragraph 3(a) requires that she release all past, present, and future claims against Defendant without limitation while paragraph 3(b) limits the release to any claims arising from the Incident. The Court agrees with Plaintiff.

Cases interpreting conflicting provisions, such as is the case here, have found such language to be ambiguous and have found the proposal for settlement unenforceable. For example, in *Hernandez v. Target Corp.,* 2016 WL 4006656 (S.D. Fla. Nov. 14,2016), the proposal for settlement required that plaintiff release any and all of the causes of action arising out of the case while the attached proposed release required plaintiff to release the defendant for any and all claims "ever had, now has . . . from the beginning of the world to the day of these presents." *Id* at *5. There, the district court held that the "language contained in the proposal was ambiguous because it was unclear whether it was intended to resolve all claims or only those raised in the lawsuit." *Id.* Similarly, in *Saenz v. Campos*, 967 So. 2d 1114 (Fla. 4th DCA 2007), in one paragraph of the proposal for settlement it stated that "the proposal would resolve all claims against the insured" while another paragraph stated that the proposal would resolve the claims raised in the lawsuit. *Id* at 1116. The appellate court in *Saenz* held that the conflict within the paragraphs created a patent ambiguity and therefore the proposal "failed to satisfy the 'particularity' requirement" of Rule 1.442. *Id.*

In contrast, in a fairly recent decision from this district, a party served a proposal requiring the plaintiff to release the defendant of "all claims set forth in the complaint" in one paragraph while another paragraph required the plaintiff to release the defendant of "all claims asserted or that could have been asserted, relative to claims described in the complaint." *Emroidme.com, Inc. v. Travelers Prop. Cas. Co. of America*, Case No. 12-81250-CIV, 2015 WL 419879, at *5 (S.D. Fla. Jan 22, 2015). The district court distinguished the facts from *Saenz*, and held that the two phrases are substantially similar and unlike *Saenz* "are not likely to cause confusion in the offeree." *Id*

Here, the language in the Proposal for Settlement is similar to *Saenz* in that the language in paragraph 3(a) and the language in the attached Release referred to in paragraph 3(b) create an

11

ambiguity in the relevant conditions of the proposal. "A plaintiff reading this proposal would not know whether she was being asked to release only claims related to the accident at issue, or whether she was being asked to release any and all claims she might have against the defendant." *See Hernandez*, 2016 WL 4006656 *5. In one provision, Plaintiff is offered $50,000 in exchange for settling all claims she had in the past, currently has or will have in the future without any limitation whatsoever. In paragraph 3(b), which refers to the Release, she is asked only to release the claims arising from the Incident at issue. "[T]he burden of clarifying the intent or extent of a settlement proposal cannot be placed on [Plaintiff]." *Dryden*, 910 So. 2d at 855. Much like in *Target* and *Saenz*, Plaintiff could not fully evaluate the consequences of the conditions of the proposal as the ambiguity left open the extent and nature of the claims released. Because § 768.79 must be strictly construed, the Court finds Defendant's Proposal for Settlement ambiguous and unenforceable.

### ii. *Confidentiality Clause*

Plaintiff next argues that the confidentiality clause within Defendant's Release creates an ambiguity because "there is no apportionment of consideration between confidentiality and personal injuries" in order for Plaintiff to make "a reasonably informed decision." ECF No. [95]. According to Section 104(a)(2) of the United States Tax Code, damages received for personal injuries are excluded from taxable gross income. 26 U.S. Code § 104. Plaintiff relies upon this provision of the tax code to suggest that the lack of consideration attributed to the confidentiality clause within the Release rendered the Proposal for Settlement ambiguous as she was unable to assess the tax consequences of any acceptance. *See* ECF No. [95]. In support of this argument, Plaintiff relies on a single tax court case and fails to cite to any Florida cases finding a confidentiality provision to be fatally ambiguous for failure to apportion consideration.

"Florida courts have consistently awarded attorney's fees based on proposals for settlement that contain . . . terms such as confidentiality and non-disclosure." *Emroidme.com, Inc. v. Travelers Prop. Cas. Co. of America*, Case No. 12-81250-CIV, 2015 WL 11921409, at *6 (S.D. Fla. Mar. 17, 2015); *see also Russell Post Props., Inc. v. Leaders Bank*, 159 So. 3d 348 (Fla. 3d DCA 2015); *Jamieson v. Kurland*, 819 So. 2d 267 (Fla. 2d DCA 2002). Confidentiality as a condition for settlement does not make the proposal unenforceable. *Id.* Therefore, the Court disagrees that Defendant's failure to apportion a value to the confidentiality provision within Defendant's Release renders the Proposal for Settlement ambiguous and invalid. *See Emroidme.com*, 2015 WL 11921409 at *6 ("The fact that the settlement was conditioned on confidentiality, non-disparagement, and non-disclosure terms does not render it unenforceable for purposes of § 768.79.")

## IV. CONCLUSION

For the reasons stated herein, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion for Entitlement to Attorney's Fees and Costs, **ECF No. [89]**, is **DENIED in part and GRANTED in part**;

2. Defendant's Motion for Bill of Costs, **ECF No. [93]**, is **DENIED in part and GRANTED in part**; and

3. Defendant's Verified Motion to Tax Attorneys' Fees and Costs, **ECF No. [97]**, is **DENIED as moot**.

4. Defendant is awarded $400 in filing fees, $5,378.85 in deposition and reporter fees, $1,105.00 in subpoena costs, and $627.04 in copy expenses for a total award of **$7,510.89.** Final judgment will be entered by separate order.

**DONE AND ORDERED** in Miami, Florida, this 31st day of October, 2017.

BETH BLOOM
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of Record